# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF THE                     :          Hon. Mark Falk, U.S.M.J.
EXTRADITION OF DIEUSEUL JEAN             :
                                         :          Mag. No. 13-3588
                                         :
                                         :          **REQUEST FOR EXTRADITION**

The United States on behalf of the Government of Canada hereby files its Request for

Extradition of Dieuseul Jean, along with the formal papers supporting this Request, as required

by Articles IX and XI of the Treaty on Extradition Between the United States of America and

Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, as amended by Protocol Amending the

Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990)

and Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S.

TREATY DOC. NO. 107-11 (2002).  Through these documents, the Government of Canada

hereby requests that Dieuseul Jean be extradited pursuant to Title 18, United States Code,

Section 3184 and the relevant treaty.

Respectfully submitted,

RECEIVED

JUN 1 2 2013

AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

PAUL J. FISHMAN
United States Attorney

ELIZABETH M. HARRIS
Assistant United States Attorney

DISTRICT OF COLUMBIA, ss:

## DECLARATION OF ALEXIS BLANE

I, Alexis Blane, declare and say as follows:

1. I am an Attorney-Adviser in the Office of the Legal Adviser, Department of State, Washington, D.C. This office has responsibility for extradition requests within the Department of State, and I am familiar with the matter of the extradition of Dieuseul Jean, also known as Jean Gardy Mentor. I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. In accordance with the provisions of the extradition treaty in full force and effect between the United States and Canada, the Canadian Embassy has submitted a diplomatic note (No. 0090, dated May 9, 2013) formally requesting the extradition of Dieuseul Jean, also known as Jean Gardy Mentor. A copy of the diplomatic note is attached to this declaration.

3. The relevant and applicable treaty provisions in full force and effect between the United States and Canada are found in the Extradition Treaty between the United States of America and Canada of December 3, 1971, which entered into force on March 22, 1976 (TIAS 8237) (the "1971 Treaty"), the Protocol Amending the Extradition Treaty with Canada of January 11, 1988, which entered into force on November 26, 1991 (the "1988 Protocol"), and the Second Protocol Amending the Extradition Treaty with Canada of January 12, 2001 (the "2001 Protocol"), which entered into force on April 30, 2003. Copies of the Treaty and the Protocols are attached to this declaration.

4. In accordance with Article 17 of the 1971 Treaty between the United States and Canada, the Government of the United States provides legal representation in its courts for Canada in its extradition requests, and Canada provides legal representation in its courts for extradition requests made by the United States.

-2-

5. The offense for which extradition is sought is extraditable pursuant to Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol. Article 2 of the 1971 Treaty, as replaced by Article I of the 1988 Protocol, provides that extradition shall be granted for conduct which constitutes an offense punishable by the laws of both Canada and the United States by imprisonment or other form of detention for a term exceeding one year or any greater punishment.

6. The documents submitted by the Government of Canada in support of its extradition request were certified on May 9, 2013, by Sylvia D. Johnson, Consul General of the United States of America in Ottawa, in accordance with Title 18, United States Code, Section 3190. Ms. Johnson, at the time of her certification, was the principal consular officer of the United States in Canada.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 16, 2013.

ALEXIS BLANE

Attachments:

1. Copy of Note
2. Copy of Treaty and Protocols



U.S. Department of State

## CERTIFICATE TO BE ATTACHED TO DOCUMENTARY
## EVIDENCE ACCOMPANYING REQUISITIONS IN
## THE UNITED STATES FOR EXTRADITION
## AMERICAN FOREIGN SERVICE

**OTTAWA, CANADA** 05-09-2013

Place and Date *(mm-dd-yyyy)*

I, _____ Sylvia D. Johnson _____ , _____ Consul General _____

Name                                                                          Title

of the United States of America at _____ Ottawa, Canada _____

hereby certify that the annexed papers, being _____ supporting documents _____

proposed to be used in an application for the extradition from the United States of America

Dieuseul JEAN ------------------------------------------------------- ,

charged with the crime of _____ One count of First Degree Murder _____

alleged to have been committed in _____ the Province of Quebec _____

are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by

the tribunals of _____ Canada _____

as required by Title 18, United States Code, Section 3190.

In witness whereof I have unto sign my name and cause my seal of office to be affixed

this _____ 9th _____ day of _____ May 2013 _____

Month and Year

_____ (signature) _____

Signature

Sylvia D. Johnson, Consul General

Type Name and Title of Certifying Officer
of the United States of America.

S-36
I-2007



Department of Justice     Ministère de la Justice
Canada                    Canada

Ottawa, Canada
K1A 0H8

## CERTIFICATE OF AUTHENTICATION

*IN THE MATTER OF the extradition of **Dieuseul JEAN** from the United States of America to Quebec, Canada*

I, CATHY CHALIFOUR, Counsel for the International Assistance Group, Department of Justice of Canada, do hereby certify:

THAT attached to this Certificate is authenticated documentation presented by Canada in support of the extradition of *DIEUSEUL JEAN* who is wanted in the Province of Quebec to stand trial on one count of murder, contrary the *Criminal Code*.

THAT the documentation attached to this certificate is composed of:

- the original Affidavit of Dany Jean prepared on May 3, 2013, Criminal and Penal Prosecuting Attorney for the Director of Criminal and Penal Prosecutions of Quebec.

THAT Anna Jensen whose original signature appears at the end of the Affidavit of Dany Jean and exhibits thereto is a Commissioner of Oaths in and for the Province of Quebec, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

The Seal of the Minister of Justice of Canada is hereby affixed this 9th day of May, 2013.

Cathy Chalifour

Canada

CANADA

PROVINCE OF QUEBEC

Nº:    500-01-020891-96

RE: DIRECTOR OF CRIMINAL
AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE
REQUEST FOR THE
EXTRADITION OF Dieuseul
JEAN PRESENTED BY
CANADA TO THE UNITED
STATES OF AMERICA

---

STATEMENT UNDER THE TERMS OF ARTICLE 9 OF THE TREATY ON
EXTRADITION BETWEEN THE GOVERNMENT OF CANADA AND THE
GOVERNMENT OF THE UNITED STATES OF AMERICA

---

I, Dany Jean, prosecuting attorney for the Director of Criminal and Penal Prosecutions of Québec, having my principal place of business at 2828, boulevard Laurier, Québec, in the province of Québec, being duly sworn, declare the following:

## QUALIFICATIONS

1.  I have been a criminal and penal prosecuting attorney in Québec since April 2012 and, as such; I act as a representative and under the authority of the Director of Criminal and Penal Prosecutions of Québec;

2.  Under the general authority of the Minister of Justice and Attorney General, the Director of Criminal and Penal Prosecutions directs all criminal and penal prosecutions in Québec on behalf of the State. The Director exercises the functions conferred by the *Act respecting the Director of Criminal and Penal Prosecutions* [Québec Statute. 2005, c. 34], with the independence provided for therein. The Director is by virtue of office "Deputy Attorney General" for criminal and penal prosecutions. The Director is also the lawful deputy of the Attorney General of Québec within the meaning of the *Criminal Code* of Canada (Revised Statutes of Canada [1985], c. C-46), as are the prosecutors under the Director's authority;

3.  In the performance of my duties as a criminal and penal prosecuting attorney, I am empowered to represent the Director of Criminal and Penal Prosecutions in the exercise of the functions of office, including that of prosecutor in matters stemming from the application of the *Criminal Code* of Canada. As such, I am authorized to consent to the introduction of proceedings against Dieuseul JEAN (date of birth: 1961-02-07), in the court case bearing number 500-01-020891-96, on behalf of the Director of Criminal and Penal Prosecutions of Quebec;

4.  I am authorized by the Director of Criminal and Penal Prosecutions of Québec to initiate the extradition process against Dieuseul JEAN.

## PROSECUTION IN CANADA AND WARRANT FOR ARREST

5. **Appendix A** to this statement contains a copy of the warrant for arrest issued against Dieuseul JEAN on January 17th, 1996 by Justice of the Peace Louise Baribeau. The warrant is evidence of wanted suspect status and of the legal proceedings initiated in Canada. The warrant for arrest has been in force since this date;

6. The Director of Criminal and Penal Prosecutions is requesting the extradition of Dieuseul JEAN for the offence mentioned below;

7. The charge against Dieuseul JEAN pertains to the offence of murder in the first degree.

## IDENTIFICATION OF DIEUSEUL JEAN

8. **Appendix B** to this statement contains a identification record, a fingerprint identification record and a poster of the person known as Dieuseul JEAN;

9. Dieuseul JEAN was arrested by the U.S. authorities on March 22nd, 2013 in application of the provisional arrest presented by Canadian authorities and is still being held in the United States.

## OFFENCES AND LEGAL PROVISIONS

10. The *Criminal Code* of Canada deals with most crimes and offences for which criminal proceedings are instituted in Canada – the provinces and territories, including, the province of Québec. The *Criminal Code* is currently in force;

11. I attest that the prosecution of Dieuseul JEAN is not barred or prevented by lapse of time. There is no time limit under Canadian law respecting an offence for which a person is prosecuted by indictment. The proceeding against Dieuseul JEAN was instituted by indictment and will be prosecuted by indictment;

12. The indictable offence alleged against Dieuseul JEAN was an offence in Canada at the time it was committed and still is. The offence render him liable to imprisonment for life;

13. **Appendix C** to this statement contains the relevant legal provisions of the *Criminal Code* of Canada (including the offence and the sentence provided for).

## SUMMARY OF FACTS AND EVIDENCE

14. **Appendix D** to this statement contains the summary of facts underlying the charge for which Dieuseul JEAN is being prosecuted and his extradition requested.

## OPINION

15. Dieuseul JEAN is charged with first degree murder;

16. In order to find the accused guilty of an offence under the *Criminal Code*, the trier of fact must be satisfied beyond a reasonable doubt that the accused is guilty;

17. I have read the summary of facts, prepared by Detective Sergeant Antonio Paradiso of the Service de police de la ville de Montréal, reproduced as Appendix D to this extradition request;

18. The facts stated in the summary of facts by Detective Sergeant Antonio Paradiso of the Service de police de la ville de Montréal, establish a *prima facie* case upon which a

reasonable and properly instructed jury could be satisfied beyond a reasonable doubt that the accused, Dieuseul JEAN, is guilty, and could convict him as charged.

Signed in Québec, May 3rd, 2013

**Dany Jean**
**Criminal and Penal Prosecuting Attorney**
Director of Criminal and Penal Prosecutions
External Affairs, Security and Development
Bureau
2828, boulevard Laurier
Québec (Québec)  G1V 0B9

**Sworn before me**
**In Québec**
**May 3rd, 2013**

**Anna Jensen**
**Commissioner for Oaths**

CANADA

PROVINCE OF QUEBEC

N°:     500-01-020891-96

**RE**: DIRECTOR OF CRIMINAL
AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE
REQUEST        FOR        THE
EXTRADITION   OF   Dieuseul
JEAN      PRESENTED      BY
CANADA   TO   THE   UNITED
STATES OF AMERICA

---

## APPENDIX A

## ARREST WARRANT

---

CANADA
PROVINCE DE QUÉBEC
District        de Montréal

**MANDAT D'ARRESTATION**
Formule 7

Localité        de Montréal

Dossier  500-01-020891-96:

AUX AGENTS DE LA PAIX DU DISTRICT DE  . *Montréal*

| 12 9512290925 |
|---|
Numéro dossier plaignant

Me

Le présent mandat est décerné pour l'arrestation
de
né le        **JEAN, Dieuseul**
adresse      **61-02-07**
             **ADRESSE INCONNUE**

ci-après appelé le prévenu.

ATTENDU QUE le prévenu a été inculpé d'avoir

1.          Le ou vers le 25 décembre 1995, à Roxboro, district
            de Montréal, a causé la mort de Juthlande PIERRE,
            commettant ainsi un meurtre au 1er degré degré, l'a-
            cte criminel prévu à l'article 235 du Code criminel
            canadien.

            TRANSLATION   (unofficial)

            On or about December 25, 1995, at Roxboro,
            District of Montreal, did cause the death
            of Juthlande PIERRE, thereby committing
            murder in the first degree, offence contrary
            to section 235 of the Criminal Code of
            Canada.

ET ATTENDU QU'il y a des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner le présent
mandat pour l'arrestation du prévenu (art. 507 (4) C.cr.).

À CES CAUSES, les présentes ont pour objet de vous enjoindre, au nom de Sa Majesté, d'arrêter immédiatement le
prévenu et de l'amener devant moi ou tout autre juge de paix du district de_  . *Montréal*

afin qu'il réponde à cette inculpation et soit traité selon la loi.

À      Montréal                                    , le  *17 Janvier 1996*

        *L . BARIBEAU*                             *Louise Bauham*
Juge de paix *(en lettres majuscules)*                      Juge de paix

• SJ-309 (94-09)

                    RAPPORTABLE

CANADA
PROVINCE OF QUÉBEC
District **of Montréal**
Locality **of Montréal**
File No. **500-01-020891-963**

**WARRANT FOR ARREST**
Form 7

12 9512290925
Complainant File No.

Mtre.

### TO THE PEACE OFFICERS OF THE DISTRICT OF Montréal

This warrant is issued for the arrest
of            **JEAN, Dieuseul**
born on    **61-02-07**
address    **UNKNOWN**

hereinafter called the accused.

WHEREAS the accused has been charged as follows:

1.      **On or about December 25, 1995, at Roxboro, District of Montréal, caused the death of Juthlande PIERRE, thereby committing first degree murder, the indictable offence provided for in section 235 of the *Criminal Code of Canada*.**

AND WHEREAS there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused (507(4) of the *Criminal Code*).

THEREFORE, this is to command you, in Her Majesty's name, forthwith to arrest the accused and to bring him before me, or any other justice for the District of Montréal in order that he plead to this charge and be dealt with according to law.

At Montréal, on January 17, 1996

L. BARIBEAU_____          (s)_____
Justice of the Peace (in block letters)                   Justice of the Peace

• SJ-309 (94-09)

### RAPPORTABLE

CANADA

PROVINCE OF QUEBEC

N°:      500-01-020891-96

**RE**: DIRECTOR OF CRIMINAL AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE REQUEST FOR THE EXTRADITION OF Dieuseul JEAN PRESENTED BY CANADA TO THE UNITED STATES OF AMERICA

---

## APPENDIX B

### IDENTIFICATION RECORD, FINGERPRINT IDENTIFICATION RECORD AND POSTER

---

 **SPVM**

**Ville de Montréal**
Service de police
Section Identification Judiciaire

2013-03-07 15:10:57

## FICHE D'IDENTIFICATION

**NO CONTRIBUTEUR** 376147   **SED (FPS)** 581610D   **DATE PHOTO** 1995-04-10 00:00:00



| | | | |
|---|---|---|---|
| **NOM** | JEAN, DIEUSEUL | | |
| **DDN** | 1961-02-07 | | |
| **SEXE** | MASCULIN | **RACE** | NOIR |

**EVENEMENT** 12-950408-018

| | | | |
|---|---|---|---|
| **NOM** | JEAN, DIEUSEUL | | |
| **DDN** | 1961-02-07 | | |
| **SEXE** | MASCULIN | **RACE** | NOIR |
| **TAILLE** | 163 CM | **POIDS** | 72 KG |
| **STATURE** | MOYENNE | | |

**CHEVEUX**

| | | | |
|---|---|---|---|
| **Couleur** | NOIR | **Longueur** | COURTS |
| **Style** | FRISÉS | | |

**YEUX**

| | | | |
|---|---|---|---|
| **Couleur** | BRUN | **Lunette** | NON |

**BARBE** OUI      **MOUSTACHE** NON

**NO CONTRIBUTEUR** 376147   **SED (FPS)** 581610D   **DATE PHOTO** 1995-04-10 00:00:00

**NOMS UTILISES**

AUCUN

**ACCUSATIONS**

12-950408-018,   Conversion ForceField voir C-216

**DESCRIPTIONS PHYSIQUES**

AUCUNE

PCPXX3R1-10.72.201.226-antonio.paradiso-2213

**SPVM**

**Ville de Montréal**                                    2013-03-07  3:10:57 p.m.
Service de police
Forensic Identification Unit

**IDENTIFICATION SHEET**

**CONTRIBUTOR NO.** 376147
**FPS (SED)** 581610D
**DATE OF PHOTO** 1995-04-10  00:00:00

---

| | | | |
|---|---|---|---|
| **NAME** | JEAN, DIEUSEUL | | |
| **DOB** | 1961-02-07 | | |
| **SEX** | MALE | **RACE** | BLACK |

---

**INCIDENT** 12-950408-018

| | | | |
|---|---|---|---|
| **NAME** | JEAN, DIEUSEUL | | |
| **DOB** | 1961-02-07 | | |
| **SEX** | MALE | **RACE** | BLACK |
| **HEIGHT** | 163 cm | **WEIGHT** | 72 kg |
| **BUILD** | AVERAGE | | |

**HAIR**

| | | | |
|---|---|---|---|
| **Colour** | BLACK | **Length** | SHORT |
| **Style** | CURLY | | |

**EYES**

| | | | |
|---|---|---|---|
| **Colour** | BROWN | **Glasses** | NO |

| | | | |
|---|---|---|---|
| **BEARD** | YES | **MUSTACHE** | NO |

---

**CONTRIBUTOR NO.** 376147
**FPS (SED)** 581610D
**DATE OF PHOTO** 1995-04-10  00:00:00

**NAMES USED**
NONE

**CHARGES**
12-950408-018, Conversion ForceField see C-216

**PHYSICAL DESCRIPTION**
NONE

**FINGERPRINT IDENTIFICATION**　　　　　　　　　　　　**IDENTIFICATION DACTYLOSCOPIQUE**

| Certified - Certifié par | Classifier Préposé au classement | Verifier Vérificateur | Contributor Contributeur |
|---|---|---|---|
| | | | POLICE<br>Montréal |

| | Thumb - Pouce | Index | Middle - Médius | Ring - Annulaire | Little - Auriculaire |
|---|---|---|---|---|---|
| **R I G H T / D R O I T** | Thumb-Pouce | Index | Middle-Médius | Ring-Annulaire | Little-Auriculaire |
| **L E F T / G A U C H E** | | | | | |

IF ANY FINGERPRINT IS NOT RECORDED, GIVE REASON - IF AMPUTATED, DEFORMED OR INJURED, GIVE DATE
S'IL MANQUE UNE EMPREINTE, DIRE POURQUOI - EN CAS D'AMPUTATION, DE DÉFORMATION OU BLESSURE, DONNER LA DATE
FOUR FINGERS TAKEN TOGETHER - IMPRESSION SIMULTANÉE DES QUATRE DOIGTS

FOUR FINGERS TAKEN　　　　　　　　　　　PRISE SIMULTANÉE DES QUATRE DOIGTS

125
MAY / MAI 1 0 1995

IUMB-POUSSE
Contributor's
N° du contrib

**Left Thumb - Pouce Gauche**　　　**Right Thumb - Pouce Droit**

| ORI – Contributing Agency/Department<br>IND – Service ou organisme contributeur<br>Service de police de la Ville de Montréal<br>Section identification judiciaire<br>7700 boul. Langelier<br>Montréal (Québec) H1S 2Z6 | Contributor's no./Reference no.<br>N. du contributeur/N. de référence<br><br>376147 | Signature of official taking fingerprints<br>Signature du préposé aux empreintes<br><br><br>ROUSE, KENNETH (SDET) (Matricule: 3805) | Date Fingerprinted<br>Date d'empreintes<br>Y- A　M　D - J<br>1995　04　10 |

**PERSON FINGERPRINTED - PERSONNE DACTYLOSCOPIÉE**

| Surname - Nom de famille<br>**JEAN** | Given Name 1 - Prénom 1<br>**DIEUSEUL** | Given Name 2 - Prénom 2 | Other Given Name - Autres Prénoms |
|---|---|---|---|

Alias, nicknames, maiden name - Sobriquets, surnoms, nom de jeune fille

| Apartment/Unit No. - Street Address - N. d'app./d'unité - N. civique - Rue<br>**12785 TRACY** | City - Ville<br>**PIERREFONDS** | Province<br>**QUEBEC** | Postal code - Code postal |
|---|---|---|---|

Peculiarities, marks, scars, tattoos, deformities, etc. – Traits caractéristiques, marques, cicatrices, tatouages, difformités, etc.

FPS NO. - N. CED
**581610D**

| Sex - Sexe<br>[X] Male Homme　[ ] Female Femme | Race<br>[ ] White Blanche　[X] Non white (specify) Autre (préciser)　**NOIR** | Date of Birth Date de naiss.<br>Y- A　M　D - J<br>1961　02　07 | |
|---|---|---|---|
| Eyes - Yeux<br>**BRUN** | Height - Taille (cm)<br>**163** | Weight - Poids (kg)<br>**72** | Gang Affiliation - Affiliation à un gang |

Name and address of NOK - Nom et adresse du plus proche parent

**CAUTION - MISE EN GARDE**

VOLUNTEER SCREENING INITIATIVE (VSI) (CHARGE NO. 1)
INITIATIVE SUR LA PRÉSÉLECTION DES BÉNÉVOLES (ACCUSATION N° 1)

| [ ] Violent | [ ] Escape risk Risque d'évasion | [ ] Suicidal Suicidaire | [ ] Sex related Infraction sexuelle | [ ] Domestic Violence familiale | [ ] Child sex offence Agression sexuelle sur enfant Victim - Victime ➡ | [ ] Male Homme　Age Âge ___ | [ ] Female Femme　Age Âge ___ |
|---|---|---|---|---|---|---|---|

| Date arrested - Arrêté le<br>Y- A　M　D - J<br>1995　04　10 | Court - Tribunal<br>COUR AUTRE JURIDICTION | Investigating Agency - Organisme enquêteur<br>D-12 | |
|---|---|---|---|
| Date & place of sentence<br>Date et lieu de la sentence | Charge (Exact Section and Statue)<br>Accusation (Article et loi exacts)<br>12-950408-018 [ Article: ] | | * Disposition - Décision |

Édition du 070619(systeme)

[ ] Continue on back
Suite au verso

| FPS NO. - N. CED | Contributor's no./Reference No.<br>N. du contributeur/N. de référence | Date Fingerprinted<br>Date d'empreintes |
| --- | --- | --- |
| **581610D** | 376147 | Y - A    M    D - J<br>1995   04   10 |

| Date & place of sentence<br>Date et lieu de la sentence | Charge (Exact Section and Statue)<br>Accusation (Article et loi exacts) | * Disposition - Décision |
| --- | --- | --- |
| | | |

| Contributor's no./Reference No.<br>N. du contributeur/N. de référence | Surname - Nom de famille | Given Name 1 - Prénom 1 | Given Name 2 - Prénom 2 |
|---|---|---|---|
| 376147 | JEAN | DIEUSEUL | |

| FPS NO. - N. CED | Date Fingerprinted<br>Date d'empreintes |
|---|---|
| 581610D | Y - A    M    D - J<br>1995    04    10 |

## LEFT PALM IMPRESSIONS - EMPREINTES DE LA PAUME GAUCHE

| LEFT WRITER'S PALM<br>HYPOTHÉNAR GAUCHE | LEFT FULL PALM - PAUME ENTIÈRE GAUCHE |
|---|---|

LEFT THUMB
POUCE GAUCHE

IUMB-P
Contributor's
N° du contrib

| Contributor's no./Reference No.<br>N. du contributeur/N. de référence | Surname - Nom de famille | Given Name 1 - Prénom 1 | Given Name 2 - Prénom 2 |
|---|---|---|---|
| 376147 | JEAN | DIEUSEUL | |

| | FPS NO. - N. CED | Date Fingerprinted<br>Date d'empreintes |
|---|---|---|
| | **581610D** | Y - A   M   D - J<br>1995   04   10 |

### RIGHT PALM IMPRESSIONS - EMPREINTES DE LA PAUME DROITE

| RIGHT WRITER'S PALM<br>HYPOTHÉNAR DROITE | RIGHT FULL PALM - PAUME ENTIÈRE DROITE |
|---|---|
| | |

RIGHT THUMB
POUCE DROIT

Signat
Signat

Non white (specify): **BLACK**

Eyes: **BROWN**

Court - Tribunal: **COURT OF ANOTHER JURISDICTION**

Charge (Exact Section and Statue): **12-950408-018 [Section:          ]**

 **POLICE**

# MONTRÉAL URBAN COMMUNITY

# WANTED

SERVICE DE POLICE
DE LA COMMUNAUTE URBAINE DE MONTREAL



SPCUM 376147      FPS 5B16100
JEAN DIEUSEUL      DATE PHOTO 1995 04 08

SYSTEME DE GESTION DE LA GALERIE DE PHOTOGRAPHIES

**DATE: JANUARY 16, 1996**

**NAME: JEAN Dieuseul**

**D.O.B FEBUARY 07, 1961**

**ADDRESS: UNKNOWN**

**DESCRIPTION OF SUSPECT:**

**MAN: YES RACE:BLACK HAITIAN**
**AGE: 34**
**HEIGHT: 5'7"**
**WEIGHT: 150**
**HAIR: BLACK        EYES: BROWN**
**LANGUAGE: FRENCH, CREOLE**

**ARREST WARRANT: CS-500-01-020891-963**

**WANTED FOR:    MURDER**

## All information received should be transmitted to the MAJOR CRIME UNITS, HOMICIDE DIVISION, MONTREAL, QUEBEC, CANADA.
## We can be reached at 514-280-2052.

This individual is the prime suspect in the murder of his girlfriend PIERRE Juthlande, a female, who was murder on the 25th of December 1995 in her house at 74, 8th avenue, Roxboro, Québec, Canada.

A warrant for his arrest has been issued, from QUEBEC CRIMINAL COURT , MONTREAL, QUEBEC, CANADA.

Our investigation leads us to beleive that the suspect could be in the NEWARK, NEW JERSEY, U.S.A. area, visiting relatives or friends since the 28th of December 1995.

CANADA

PROVINCE OF QUEBEC

N°:    500-01-020891-96

**RE**: DIRECTOR OF CRIMINAL AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE REQUEST FOR THE EXTRADITION OF Dieuseul JEAN PRESENTED BY CANADA TO THE UNITED STATES OF AMERICA

---

## APPENDIX C

## RELEVANT STATUTORY PROVISIONS OF THE *CRIMINAL CODE* OF CANADA

---

### *Criminal Code of Canada*

**Murder**

**229.** Culpable homicide is murder

(*a*) where the person who causes the death of a human being
(i) means to cause his death, or
(ii) means to cause him bodily harm that he knows is likely to cause his death, and is reckless whether death ensues or not;

(*b*) where a person, meaning to cause death to a human being or meaning to cause him bodily harm that he knows is likely to cause his death, and being reckless whether death ensues or not, by accident or mistake causes death to another human being, notwithstanding that he does not mean to cause death or bodily harm to that human being; or

(*c*) where a person, for an unlawful object, does anything that he knows or ought to know is likely to cause death, and thereby causes death to a human being, notwithstanding that he desires to effect his object without causing death or bodily harm to any human being.

**Classification of murder**

**231.** (1) Murder is first degree murder or second degree murder.

**Planned and deliberate murder**

(2) Murder is first degree murder when it is planned and deliberate.

**Contracted murder**

(3) Without limiting the generality of subsection (2), murder is planned and deliberate when it is committed pursuant to an arrangement under which money or anything of value passes or is intended to pass from one person to another, or is promised by one person to another, as consideration for that other's causing or assisting in causing the death of anyone or counselling another person to do any act causing or assisting in causing that death.

**Punishment for murder**

**235.** (1) Every one who commits first degree murder or second degree murder is guilty of an indictable offence and shall be sentenced to imprisonment for life.

**Minimum punishment**

(2) For the purposes of Part XXIII, the sentence of imprisonment for life prescribed by this section is a minimum punishment.

CANADA

PROVINCE OF QUEBEC

Nº:     500-01-020891-96

RE: DIRECTOR OF CRIMINAL AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE REQUEST FOR THE EXTRADITION OF Dieuseul JEAN PRESENTED BY CANADA TO THE UNITED STATES OF AMERICA

---

## APPENDIX D

**SUMMARY OF THE FACTS UNDER THE TERMS OF ARTICLES 9 AND 10 OF THE TREATY ON EXTRADITION BETWEEN THE GOVERNEMENT OF CANADA AND THE GOVERNEMENT OF UNITED STATES OF AMERICA**

---

### *Summary of the facts*

Although being the subject of a court order not to be in contact with the victim Juthlande Pierre, JEAN was with the victim from December 23, 1995 until December 25, 1995 when the victim was last seen alive.

According to the testimony of Ainnan Ahmed Farhan, a friend of the victim, on the 24th of December 1995, Juthlande Pierre called him to go to a party with her and Dieurseul JEAN (the suspect). Ainnan Ahmed Farhan picked up the victim and the suspect and drove them to the party. He drove them back after the party at about 04h30 in the morning of the 25th of December. Ainnan Ahmed Farhan entered the victim's home, had a beer and left 15 minutes later.

A good friend of the victim, Marie Luce Alteme, told the police that she phoned the victim at about 12h30 PM on December 25th and the suspect answered the phone and told her that he had not seen the victim since the morning when the victim was with her friend Ainnan Ahmed Farhan.

According to the statement of the victim's neighbour, André Richard, at about 1:00 PM on December 25th, the suspect borrowed him a hammer. He brought back the hammer 4 hours later and was then seen leaving the address in a blue GM automobile.

The investigation shows that many of the victim's friends attempted to communicate with the victim that day without any success.

Cadet Alourde, suspect's cousin, declares to the police that on the 26th of December 1995, the suspect went to her house and asked her to take care of his car because he was afraid that the police would arrest him, saying he was not allowed to have a car in his possession. He told her that he would be back the following day to take care of his car, but he never came back.

Also on the 26th of December 1995, according to Marie Luce Alteme's testimony, the suspect went to her house and asked her to give him the victim's daughter that she had been babysitting since the 25th of December. She refused telling the suspect that she would not give him the child without the victim's permission. The suspect left without the child.

Cadet Alourdes said that on December 29th 1995, she received a long distance phone call from the suspect. The call was from Newark, New Jersey, USA and the operator had asked if she would accept the call from the suspect. She refused to accept the charges.

The investigation showed that since December 28th, 1995, no one had seen the suspect and he never showed up at his work place.

Mr. Henri Phaneuf, the owner of the house where the victim lived, said that on the 15th of January 1996, he entered the victim's apartment for renovations and noticed that the carpet in the living room had been nailed to the floor. He also noticed red stains under the carpet and a piece of gray carpet was lying on the living room floor and the brown carpet that previously covered the floor had been cut and removed. He contacted the police and the Homicide Division was called to the scene.

On the 15th of January 1996, Claude Roy (forensic identification technician) and François Julien (biologist) of the Homicide Unit treated crime scene. At the scene, the investigators found under the Christmas tree in the victim's home a silver or white gold wrist bracelet stained with blood. The clip of the bracelet was broken. They also found on the kitchen table, a small purse containing personal papers of the suspect.

The body of the victim was found in the basement wrapped in a grey carpet, which is similar to the carpet found in the living room of the house, beneath a pile of wood, metal and other objects. According to the investigation, it is believed that the victim was

possibly assaulted in the living room close to the Christmas tree and her body was dragged to the basement where she was found.

On January 16th 1996, an autopsy of the victim was conducted by Dr. André Lauzon, pathologist. The pathologist found that the probable cause of death was mechanical asphyxia by neck compression. He also mentions that there are several knife wounds and a sharp cutting instrument in the face, neck, shoulders, right arm and both hands. There are 7 penetrating wounds and 13 cuts.

On January 17th 1996, investigators met the cousin of the suspect, Alourdes Cadet, and she gave them a picture took on December 1995 on which she appears with the suspect, Dieuseul JEAN. She identified the back of the photo by writing: "Photo taken at Judith's birthday party, the day of her birthday. It's me, Cadet Alourdes and Jean Dieuseul." She added the date, her initials and signature and the Detective Sergeant Paul Langlais also signed on the back. The photo identified by Cadet Alourdes is attached as Appendix E. Investigators noted that the individual in the photo, identified as Dieuseul JEAN, is wearing a similar bracelet as the one found at the crime scene.

On January 19th 1996, after finding out that the suspect had called his cousin (Alourdes Cadet) from New Jersey, the investigator then in charge of the file, Detective Sergeant Paul Langlais, went to the Kentour Bus Company situated at 7199 St. Dominique Street, Montréal and recover a bus receipt ticket (#GA-287) dated December 28th 1995. The ticket was a one way ticket for Newark, New Jersey (USA) in the name of Dieuseul JEAN. Verifications were made with American authorities to locate the suspect without any success.

Verifications were also made in 1999-2000 with information received that the suspect was seen in Soudan.

On the 4th of March 2013, Corporal Lyne Gendron of the RCMP, Interpol Ottawa contacted Detective Sergeant Antonio Paradiso of the Montreal Police Department (SPVM), homicide unit. She informed him that she was advised by Interpol Washington that Dieuseul JEAN wanted in Canada for murder and subject of an outstanding Interpol Red Notice Number A-179/4-1996 is believed to be residing in the state of New Jersey.

On the 7th of March 2013, Corporal Lyne Gendron of the RCMP, Interpol Ottawa contacted Detective Sergeant Antonio Paradiso again to inform him that Dieuseul JEAN is using an alias by the name of Jean Gardy MENTOR with a date of birth (1962-01-04). MENTOR's fingerprints taken by US immigration authorities resulted in a hit in the system for Dieuseul JEAN wanted for murder in Montreal, Canada.

On March 22nd 2013, Dieuseul JEAN was arrested by the U.S. authorities in application of the provisional arrest presented by Canada to the United States.

CANADA

PROVINCE OF QUEBEC

Nº:    500-01-020891-96

RE: DIRECTOR OF CRIMINAL AND PENAL PROSECUTIONS

v.

Dieuseul JEAN

IN THE MATTER OF THE REQUEST FOR THE EXTRADITION OF Dieuseul JEAN PRESENTED BY CANADA TO THE UNITED STATES OF AMERICA

---

## APPENDIX E

## PHOTO

---





Photo taken at Judith's birthday party
the day of her birthday.
It's me, Cadet Alourdes
and Jean Dieuseul.

A.C.

(s) Alourdes Cadet

96 01/17

S/D Paul Langlais

11 h 10



